**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mackey R. WATTS, II, Defendant–Appellant.**

**No. 01–10724.**

**D.C. No. CR. S 01–64 LKK.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Mackey R. Watts, II, pled guilty to a one count indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He challenges the district court's denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"We review a district court's denial of a motion to suppress evidence de novo and its factual findings for clear error." *United States v. Summers,* 268 F.3d 683, 686 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1182, 152 L.Ed.2d 124 (2002); *see also United States v. $109,179 in United States Currency,* 228 F.3d 1080, 1083–84 (9th Cir.2000). "We determine whether there was a founded suspicion for a pat-down search based on a totality of the circumstances." *United States v. Salas,* 879 F.2d 530, 535 (9th Cir.1989). When an officer reasonably believes that "the individual whose suspicious behavior he is investigating at a close range is armed," he may conduct a limited search of the indi-

** This disposition is not appropriate for publication and may not be cited to or by the

vidual for weapons. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *see also Terry v. Ohio,* 392 U.S. 1, 28, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Post,* 607 F.2d 847, 851 (9th Cir.1979).

Watts argues that the district court erred in denying the motion to suppress evidence because the pat-down, which resulted in the discovery and seizure of the firearm on his waistband, was not reasonable under the totality of the circumstances, and therefore violated the Fourth Amendment. We disagree. The record demonstrates that the officers "had reasonable suspicion to believe that [Watts] was involved in a narcotics operation, and thus that he might be armed." *$109,179 in United States Currency,* 228 F.3d at 1084; *see also Salas,* 879 F.2d at 535; *Post,* 607 F.2d at 851. Thus, the district court did not err.

**AFFIRMED.**

courts of this circuit except as 9th Cir. R. 36–3 may provide.